```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                       EASTERN DIVISION
                      No. 4:04-CR-56-1H
                      No. 4:07-CV-185-H
```

| | | |
|---|---|---|
| SCOTTIE WHITAKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner was tried by a jury and convicted of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; armed bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(a) &(d) and 18 U.S.C. § 2; using, carrying and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2; and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924. He was sentenced by this court on September 7, 2005, to a 192-month term of imprisonment. Petitioner's convictions and sentence were affirmed on appeal. United States v. Whitaker, 208 Fed. App'x 244, 2006 WL 3522432 (4th Cir. 2006)(unpublished). On November 26, 2007, petitioner filed a timely motion to vacate

pursuant to 28 U.S.C. § 2255.

**COURT'S DISCUSSION**

Petitioner raises the following issues in his § 2255 motion: (1) that his trial counsel was ineffective for (a) not challenging violations of the Speedy Trial Act; (b) failing to contest an unauthenticated document which showed that the bank was federally insured; (c) not objecting to hearsay evidence; (d) not objecting to the prosecution's withholding of evidence and prosecutorial misconduct; (e) not moving to dismiss the indictment; and (f) failing to file a motion to compel production of grand jury materials; (2) that appellate counsel was ineffective for not raising certain issues on appeal; and (3) that the court lacked jurisdiction because it was never established that there was an offense committed against the United States.

## I. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. <u>Id.</u> at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Second, petitioner "must show that there is a reasonable probability that,

2

but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court finds that petitioner's ineffective assistance of counsel claims are without merit for the reasons stated in the government's memorandum in support of its motion to dismiss as well as for the reasons below.

### A. Speedy Trial

Petitioner argues that his speedy trial time should have been calculated while he was held in state custody, and that analyzing the time from this standpoint would show a speedy trial violation. However, the 30-day time period for indictment does not begin to run until there is a federal arrest, and the presence of federal agents with state law enforcement at the arrest does not make it federal. See United States v. Iaquinta, 674 F.2d 260, 264-69 (4th Cir. 1982).

Also, from petitioner's indictment on August 25, 2004, until his trial in April 2005, this court granted several continuance motions, each time finding that the need for a continuance outweighed the interest of the public and the defendant in a speedy trial.

Petitioner has not shown that counsel acted unreasonably in failing to raise Speedy Trial Act violations or that he was prejudiced by trial counsel's actions. His motion is, therefore, denied as to this claim.

3

## B. Admission of Bank Document

Petitioner argues that the court improperly allowed a document to be admitted over his objection, without first requiring authentication; and he is unhappy that his attorney initially objected, but later withdrew his objection. Such a decision is a matter of trial strategy. Courts must make "every effort . . . to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Because petitioner has not demonstrated that counsel acted ineffectively in allowing the document to be admitted, his motion is denied as to this claim.

## C. Hearsay Evidence

Petitioner also argues that his attorney was ineffective for

4

failing to object to hearsay evidence when a law enforcement witness testified regarding a confidential informant's tip implicating defendant in the crime. It appears petitioner is complaining about statements given to law enforcement during the investigation. Statements given to law enforcement during an "ongoing emergency" are considered "nontestimonial" and are properly admissible whether or not the declarant testifies. Davis v. Washington, 126 S.Ct. 2266, 2273-74 (2006). Additionally, the identity of a "mere tipster" need not be disclosed. United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986).

Even if petitioner had shown that his counsel erred, he has not shown that the result of his case would have been different, as is required by Strickland. The record reflects overwhelming evidence of petitioner's guilt. One of petitioner's co-defendants testified in great detail about the robbery, and this testimony was subject to cross-examination. Petitioner's argument is without merit.

**D. Failure to Object to Withholding of Evidence by Government**

Petitioner appears to argue that the government withheld exculpatory evidence, in the form of testimony of a Mrs. Williams, the girlfriend of one of the witnesses who testified against petitioner. There is no evidence, other than petitioner's mere allegations, that the government actually withheld such evidence, or that any such evidence existed. The government did disclose the

statement of Ms. Williams to defense counsel, and defense counsel chose not to call Ms. Williams, a matter of trial strategy this court cannot now second-guess. As to this issue, petitioner has not met his burden of showing unreasonable performance of counsel or prejudice as a result of counsel's actions, and his motion is denied as to this claim.

**E. Failure to Move to Dismiss the Indictment**

On this matter, petitioner also fails to meet the <u>Strickland</u> standard. There is no evidence that the indictment in question warranted dismissal.

**F. Failure to Compel Production of Grand Jury Material**

Petitioner has shown neither an "exceptional case" nor a "particularized need" for any grand jury information. <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222 (1979) (setting out three-part test for disclosure of grand jury materials); <u>United States v. Sells Eng'g, Inc.</u>, 463 U.S. 418, 443 (1983) (party seeking disclosure must show a "particularized need"). Therefore, he cannot show that his counsel was ineffective for not asking for production of such testimony.

**G. Failure to Raise Certain Issues on Appeal**

Petitioner claims that appellate counsel failed to raise meritorious issues on appeal, because his appellate counsel did not raise all the issues that petitioner now brings before the court.

6

However, the record shows that appellate counsel filed an <u>Anders</u> brief in this case and petitioner and his codefendant both filed their own supplemental briefs. Petitioner cannot show the result of his appeal would have been different had other issues been raised. The Fourth Circuit held that "we have reviewed the record in this case and have found no meritorious issues for appeal." <u>Whitaker</u> at *246, **2. Petitioner's claim of ineffective assistance of appellate counsel is also without merit and is therefore denied.

II.     **Jurisdiction**

Petitioner also makes an argument that this court lacks jurisdiction because there was no offense committed against the United States. Of course, petitioner was charged and convicted of violations of federal statutes. This frivolous argument has no basis in law or fact and is therefore denied.

III.    **Motions for Leave to Supplement**

On May 19, 2009, petitioner filed a motion for leave to supplement. The court grants the motion to supplement [DE #149] and has considered petitioner's supplemental brief in reviewing this matter. However, petitioner makes several arguments regarding sentencing, none of which are meritorious. In fact, on appeal the Fourth Circuit stated: "[W]e have reviewed the record in this case and have found no meritorious issues for appeal." <u>Whitaker</u> at *246, **2. All the issues petitioner now attempts to raise in his motion

to supplement were in the record at the time of appeal. Petitioner may not now complain about issues related to his sentencing.

On July 16, 2010, petitioner filed another motion for leave to supplement. The court grants the motion to supplement [DE #152] and has considered petitioner's supplemental brief in reviewing this matter. However, the case law on which petitioner bases his argument is from the Sixth Circuit and is not binding on this court. See United States v. Almany, 598 F.3d 238 (6th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 motion is DISMISSED. The court grants petitioner's motions to supplement [DE #149 and #152]. All other pending motions are deemed moot. The clerk is directed to close this case.

This 18th day of November 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26